UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LAKEISHA TAYLOR, Individually, and as )
Personal Representative of the Estate of )
BABY TAYLOR, deceased, )
                                                    )
                           Plaintiff, )     No. 17 C 8741
                                                    )
            v.                               )
                                                    )     Formerly Case No. 17 L 6766,
BARRY SADEGI, M.D., and JOI          )     Circuit Court of Cook County, Illinois
BRADSHAW, M.D., )
                                                    )
                       Defendants. )

### NOTICE OF REMOVAL OF A CIVIL ACTION AND
### SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:     Dorothy Brown                            James A. Karamanis
          Clerk of the Circuit Court              Barney & Karamanis, LLP
          Richard J. Daley Center, Room 1001     Two Prudential Plaza, Suite 3050
          50 West Washington Street            Chicago, Illinois 60601
          Chicago, Illinois 60602

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, submits this notice of removal of the above-captioned civil action from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.     On July 6, 2017, plaintiff Lakeisha Taylor commenced the above civil action against, Barry Sadegi, M.D., and Joi Bradshaw, M.D., alleging medical malpractice.   A copy of the state court complaint is attached as Exhibit A.   For purposes of this lawsuit, Barry Sadegi, M.D., and Joi Bradshaw, M.D., were physicians for Aunt Martha's Youth Services Center, Inc., a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2.     This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that Aunt Martha's Youth Services Center, Inc., was a private entity receiving grant money from the Public Health Service and that defendants Barry Sadegi, M.D., and Joi Bradshaw, M.D., were acting within the scope of their employment at Aunt Martha's Youth Services Center, Inc., with respect to the incidents referred to in the complaint.   Exhibit B.

3.     This notice of removal may be filed without bond at any time before trial.   42 U.S.C. § 233.   Trial has not yet been had in this action.

4.     Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233, this civil action is deemed an action against the United States and the United States is substituted as the sole federal party defendant in place of defendants Barry Sadegi, M.D., and Joi Bradshaw, M.D.

2

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Barry Sadegi, M.D., and Joi Bradshaw, M.D.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Jeffrey M. Hansen
    JEFFREY M. HANSEN
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-1325
    jeffrey.hansen@usdoj.gov

# EXHIBIT A

Summons - Alias Summons

(12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

TAYLOR LAKEISHA

v.

BRADSHAW JOI F. M.D.;
SADEGI BARRY M.D.

No. 2017-L-006766

Defendant Address:
BRADSHAW JOI F. M.D.
17850 S KEDZIE
Suite 1500
Hazel Crest, IL 60429

☐ SUMMONS  ☑ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 48525

Name: KARAMANIS LAW GROUP LLC

Atty. for: TAYLOR LAKEISHA

Address: 180 STETSON 3050

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 553-5300

Primary Email Address: james@bkchicagolaw.com

Secondary Email Address(es):

Witness: Wednesday, 30 August 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service:
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code) (Facsimile Telephone Number)
9-6-17

RECEIVED SEP 0 7 2017

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
CALENDAR: D
PAGE 1 of 10
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAKEISHA TAYLOR, Individually, and as )
Personal Representative of the Estate of BABY )
TAYLOR, deceased, )
                                      )
            Plaintiff, )
                                        )
      v. )      Case No.
                                        )
BARRY SADEGI, M.D., and JOI BRADSHAW, )
M.D., )
                                        )
            Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, LAKEISHA TAYLOR, Individually, and as Personal

Representative of the Estate of BABY TAYOR, deceased, by and through her attorney,

BARNEY & KARAMANIS, LLP, and complaining of Defendants, BARRY SADEGI, M.D.,

and JOI BRADSHAW, M.D., states as follows:

## FACTS COMMON TO ALL COUNTS

1. During the year 2015, and at all times relevant herein, Defendant, BARRY

SADEGI, M.D. (hereinafter referred to as "SADEGI"), was a physician duly licensed in the

practice his profession in the City of Chicago Heights, County of Cook, and the State of Illinois.

2. At all times relevant hereto, Defendant, SADEGI, held himself out, and otherwise

informed the public, and more particularly, in the instance of the Plaintiff, that he had and

possessed the requisite skill, know-how, facilities, personnel, equipment and information to

properly care for and treat Plaintiff, LAKEISHA TAYLOR.

1

3. In April of 2015, and prior and subsequent thereto, Plaintiff, LAKEISHA TAYLOR, entrusted herself entirely to the care of the Defendant, SADEGI; that she possessed no medical or professional medical knowledge, nor did she have the facilities to care for, mend or cure herself.

4. During the year 2015, and at all times relevant herein, Defendant, JOI BRADSHAW, M.D. (hereinafter referred to as "BRADSHAW"), was a physician duly licensed under the laws of the State of Illinois, and was engaged in the practice of her profession in the City of Hazel Crest, County of Cook, and State of Illinois.

5. On or about July 2, 2015, and for some time prior and subsequent thereto, the Plaintiff was a patient under the care and treatment of the Defendant, BRADSHAW.

6. On or about July 2, 2015, and for some time prior and subsequent thereto, the Plaintiff entrusted herself entirely to the care of the Defendant, BRADSHAW; that she possessed no medical or professional medical knowledge, nor did she have the facilities to care for, mend or cure herself.

7. At all times material herein, Plaintiff, LAKEISHA TAYLOR, was in exercise of ordinary care and caution for her own safety and was free from any contributory negligence.

8. On or about April 8, 2015, Plaintiff, LAKEISHA TAYLOR, with a history of high-risk pregnancies, presented to Defendant, SADEGI, for diagnosis and treatment of her pregnancy and unborn fetus.

9. On or about July 2, 2015, Plaintiff, LAKEISHA TAYLOR, with a history of high-risk pregnancies, presented to Defendant, BRADSHAW, for diagnosis and treatment of her pregnancy and unborn fetus.

ELECTRONICALLY FILED
7/6/2017 1:33 PM
2017-L-006766
PAGE 2 of 10

2

10.    At all times mentioned herein, Defendant, SADEGI, in his professional capacity as aforesaid, did then and there have come under his care and did attend to and treat the Plaintiff from April of 2015 through July of 2015.

11.    At all times mentioned herein, Defendant, BRADSHAW, in her professional capacity as aforesaid, did then and there have come under her care and did attend to and treat the Plaintiff from April of 2015 through July of 2015.

12.    Pursuant to and in compliance with 735 ILCS 5/2-622, the Affidavit of James A. Karamanis and a written report from a reviewing health professional is attached to this First Complaint at Law as Exhibit "A."

## COUNT I – NEGLIGENCE – BARRY SADEGI, M.D.

1-12.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 12 of Count I as Paragraphs 1 through 12 of this Count II as though fully set forth herein.

13.    At all times mentioned herein, there was a duty on the part of the Defendant, SADEGI, to diagnose and treat Plaintiff in accordance with the accepted standards of medical practice and opinion prevailing in the Chicagoland area in the year 2015, and to exercise that degree of care and caution commonly exercised by other members of his profession in the community.

14.    After assuming the care and treatment of the Plaintiff, Defendant, SADEGI, was then and there guilty of one or more of the following wrongful acts and/or omissions in treating Plaintiff:

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 3 of 10

3

a. Carelessly and negligently failed to adequately evaluate Plaintiff's ability to carry her pregnancy to full-term;

b. Carelessly and negligently provided inadequate prenatal care and treatment to Plaintiff by not timely performing a cerclage, or other appropriate pregnancy-saving intervention(s), resulting in premature delivery and the death of the child;

c. Carelessly and negligently, improperly and unskillfully treated the Plaintiff;

d. Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's condition of ill-being; and/or

e. Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable with his profession.

15. On or about July 8, 2015, as a direct and proximate result of one or more of the foregoing wrongful act(s) and/or omission(s) of Defendant, SADEGI, Plaintiff, LAKEISHA TAYLOR, at approximately 18 and one-half weeks pregnant, miscarried.

16. On or about July 8, 2015, Plaintiff's child (hereinafter referred to as "BABY TAYLOR") died.

17. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, SADEGI, Plaintiff, LAKEISHA TAYLOR, was then and there injured both internally and externally; that she suffered severe and permanent injuries; that she suffered from the loss of her child; that Plaintiff, LAKEISHA TAYLOR, sustained severe shock and damage to her nervous system and other systems of her body; that she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

18. Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 4 of 10

4

WHEREFORE, Plaintiff, LAKEISHA TAYLOR, Individually, prays that this Honorable Court enter a Judgment in her favor and against the Defendant, BARRY SADEGI, M.D., in an amount in excess of $50,000.00, plus Plaintiff's costs herein as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

## COUNT II – WRONGFUL DEATH – BARRY SADEGI, M.D.

1-18. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 18 of Count I as Paragraphs 1 through 18 of this Count II as though fully set forth herein.

19. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, SADEGI, the condition of ill-being suffered by Plaintiff, LAKEISHA TAYLOR, was exacerbated and resulted in her death of her 18 and ½ week child, BABY TAYLOR.

20. BABY TAYLOR left surviving: her parents, LAKEISHA TAYLOR and TKEYTON WILLIAM, as her heirs at law and next of kin.

21. By reason of the death of BABY TAYLOR, the aforesaid individuals have been deprived of her society and companionship.

22. This cause of action is brought pursuant to the Wrongful Death Act, 740 Illinois Compiled Statutes §§180/1, 180/2.2.

WHEREFORE, Plaintiff, LAKEISHA TAYLOR, as Personal Representative of the Estate of BABY TAYOR, deceased, prays that this Honorable Court enter a Judgment in her favor and against the Defendant, BARRY SADEGI, M.D., in an amount in excess of $50,000.00, plus Plaintiff's costs herein as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

5

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 5 of 10

## COUNT III – NEGLIGENCE - JOI BRADSHAW, M.D.

1-22. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 22 of Count II as Paragraphs 1 through 22 of this Count III as though fully set forth herein.

23. That after assuming the care and treatment of the Plaintiff, the Defendant, BRADSHAW, was then and there guilty of one or more of the following wrongful acts and/or omissions:

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 6 of 10

    a. Carelessly and negligently failed to adequately evaluate Plaintiff's ability to carry her pregnancy to full-term;

    b. Carelessly and negligently provided inadequate prenatal care and treatment to Plaintiff by not timely referring Plaintiff to a maternal-fetal specialist for performance of a cerclage, or other appropriate pregnancy-saving intervention(s), resulting in premature delivery and the death of the child;

    c. Carelessly and negligently, improperly and unskillfully treated the Plaintiff;

    d. Carelessly and negligently failed to institute proper treatment at the appropriate time for the Plaintiff's condition of ill-being; and/or

    e. Carelessly and negligently failed to treat the Plaintiff in a manner customary and suitable with her profession.

24. As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of Defendant, BRADSHAW, Plaintiff, LAKEISHA TAYLOR, was then and there injured both internally and externally; that she suffered from the loss of her child; that Plaintiff sustained severe shock and damage to her nervous system and other systems of her body; that she suffered acute and prolonged physical and mental pain and suffering; and that she became liable for great sums of money for medical, hospital care and treatment, as well as incurring other expenses.

25. Plaintiff's damages are in excess of $50,000.00, the minimum jurisdictional amount of this court.

6

WHEREFORE, Plaintiff, LAKEISHA TAYLOR, Individually, prays that this Honorable Court enter a Judgment in her favor and against the Defendant, JOI BRADSHAW, M.D., in an amount in excess of $50,000.00, plus Plaintiff's costs herein as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

### COUNT IV – WRONGFUL DEATH – JOI BRADSHAW, M.D.

1-25.   Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 25 of Count III as Paragraphs 1 through 25 of this Count IV as though fully set forth herein.

26.   As a direct and proximate result of one or more of the foregoing wrongful acts and omissions of the Defendant, BRADSHAW, the condition of ill-being suffered by Plaintiff, LAKEISHA TAYLOR, was exacerbated and resulted in her death of her 18 and ½ week child, BABY TAYLOR.

WHEREFORE, Plaintiff, LAKEISHA TAYLOR, as Personal Representative of the Estate of BABY TAYOR, deceased, prays that this Honorable Court enter a Judgment in her favor and against the Defendant, JOI BRADSHAW, M.D., in an amount in excess of $50,000.00, plus Plaintiff's costs herein as well as such further and other relief for Plaintiff as this Honorable Court deems just and equitable in the premises.

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 7 of 10

LAKEISHA TAYLOR, Individually, and as
Personal Representative of the Estate of BABY
TAYOR, deceased,

By: _____
One of her Attorney

James A. Karamanis (james@bkchicagolaw.com)
Barney & Karamanis, LLP
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
(312) 553-5300
Attorney No. 48525

7

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAKEISHA TAYLOR, Individually, and as )
Personal Representative of the Estate of BABY )
TAYLOR, deceased, )
)
                 Plaintiff, )
)
             v. )      Case No.
)
BARRY SADEGI, M.D., and JOI BRADSHAW, )
M.D., )
)
               Defendants. )

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

     Pursuant to Supreme Court Rule 222(b), counsel for the above-named Plaintiff certifies that Plaintiff seeks money damages in excess of Fifty Thousand and No/100 ($50,000), exclusive of interest and costs

     Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

     FURTHER AFFIANT SAYETH NAUGHT.

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 8 of 10

                                    James A. Karamanis

Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300
Attorney No. 48525

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAKEISHA TAYLOR, Individually, and as )
Personal Representative of the Estate of BABY )
TAYLOR, deceased, )
                                 )
           Plaintiff, )
                                 )
          v. )        Case No.
                                 )
BARRY SADEGI, M.D., and JOI BRADSHAW, )
M.D., )
                                 )
          Defendants. )

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006765
PAGE 9 of 10

## AFFIDAVIT OF JAMES A. KARAMANIS

Affiant, James A. Karamanis, first having been duly sworn, deposes and states that if he were called to testify at trial, could competently and affirmatively testify as follows:

1.    That Affiant is a resident of the State of Illinois, is over the age of eighteen years, and is not a party to the present cause of action;

2.    That Affiant is a duly licensed attorney practicing law in the State of Illinois; and that he is an attorney with the law firm of Barney & Karamanis, LLP, whose offices are located at 180 N. Stetson, Suite 3050, Two Prudential Plaza, Chicago, Illinois 60601;

3.    That Affiant is legal counsel for the Plaintiff, LAKEISHA TAYLOR, Individually, and as Personal Representative of the Estate of BABY TAYOR, deceased, in the above-entitled cause;

4.    That the present cause is a Healing Art Malpractice and pursuant to 735 ILCS 5/2-622;

5.    That Plaintiff's counsel has been unable to obtain the statutory certificate of a reviewing health professional in time to preserve the statute of limitations in the captioned cause.

1

6.    That Plaintiff requests ninety (90) days to file the physician's 2-622 Affidavit.


Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

James A. Karamanis

ELECTRONICALLY FILED
7/6/2017 1:23 PM
2017-L-006766
PAGE 10 of 10

James A. Karamanis (james@bkchicagolaw.com)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300
Attorney No. 48525

# EXHIBIT B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *LaKeisha Taylor, individually and as personal representative of the Estate of Baby Taylor, deceased, v. Barry Sadegi, M.D., et. al.*, No. 2017 L 6766 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Aunt Martha's Youth Services Center, Inc. ("the health center") was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Barry Sadegi, M.D., and Joi Bradshaw, M.D., were acting within the scope of their employment at the health center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Barry Sadegi, M.D., and Joi Bradshaw, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

s/ Thomas P. Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: December 4, 2017