UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKEISHA TAYLOR, Individually, and as Personal Representative of the Estate of BABY TAYLOR, deceased,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | No. 17 C 8741<br><br>Judge Coleman |

## UNITED STATES' MOTION TO DISMISS FOR
## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The United States of America, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1. On July 6, 2017, plaintiff Lakeisha Taylor commenced the above civil action against, Barry Sadegi, M.D. and Joi Bradshaw, M.D., alleging medical malpractice. For purposes of this lawsuit, Barry Sadegi, M.D. and Joi Bradshaw, M.D., were physicians for Aunt Martha's Youth Services Center, Inc., a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.

2. On January 17, 2013, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in place of Barry Sadegi, M.D. and Joi Bradshaw, M.D., pursuant to 42 U.S.C. § 233.

3. This case is governed by 42 U.S.C. § 233, which makes the tort remedy against the United States provided in the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, the "exclusive" jurisdictional basis for a common law tort claim against the an employee of the Public Health Service "while acting within the scope of his office or employment." *See* 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States*, 966 F.2d 307, 313 (7th Cir. 1992). Upon removal, this civil action is "deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. 42 U.S.C. § 233(c).

4. No FTCA action can be initiated against the United States until the plaintiff has presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States*, 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings*, 463 F.2d at 1179; *see United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015) (indicating that the requirement is jurisdictional).

5. A search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiff filed an administrative claim with the department on July 7, 2017, and that claim remains pending. Plaintiff has not exhausted her administrative remedies as the minimum six-month period for review of the claim will not elapse until January 7, 2018. Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look

beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

6. This case should be dismissed for failure to exhaust. Once plaintiff exhausts, she will have to file a *new* case, not amend the complaint in this case. *McNeil v. United States*, 964 F.2d 647, 649 (7th Cir. 1992), *aff'd,* 508 U.S. 106 (1993).

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust administrative remedies.

                    Respectfully submitted,

                    JOHN R. LAUSCH, Jr.
                    United States Attorney

                    By: s/ Jeffrey M. Hansen
                        JEFFREY M. HANSEN
                        Assistant United States Attorney
                        219 South Dearborn Street
                        Chicago, Illinois 60604
                        (312) 886-1325
                        jeffrey.hansen@usdoj.gov

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lakeisha Taylor, Individually, and as Personal Representative of the Estate of Baby Taylor, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Barry Sadegi, M.D., and Joi Bradshaw, M.D.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DECLARATION OF
MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services ("the Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if an administrative tort claim had been filed with the Department with respect to Aunt Martha's Youth Service Center, Inc., its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

1

4. I have caused a search of the Claims Branch's database to be conducted and found that an administrative tort claim was filed on July 7, 2017, by an authorized representative of Lakeisha Taylor relating to the medical care provided by Aunt Martha's Youth Services Center, Inc., Dr. Barry Sadegi and Dr. Joi Bradshaw. To date, no final disposition has been made and the Plaintiff has not exhausted her administrative remedies pursuant to 28 U.S.C. § 2675.

5. I have also reviewed official Agency records and determined that Aunt Martha's Youth Service Center, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2014, and its coverage has continued without interruption since that time. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under 42 U.S.C. § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Aunt Martha's Youth Service Center, Inc., is attached to this declaration as Exhibit 1.

6. Official Agency records indicate that at all times relevant to the Plaintiff's complaint Dr. Barry Sadegi and Dr. Joi Bradshaw were employees of Aunt Martha's Youth Service Center, Inc.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 20th day of November, 2017

Meredith Torres
MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

2